IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS,<br>BRIAN THOMAS,<br>SEDRICK PHILLIPS,<br>MIKAL DAVIS,<br>individually and on behalf of<br>all other similarly situated former inmates at<br>Dixon Springs Impact Incarceration<br>Program, satellite facility of the Vienna<br>Correctional Center,<br><br>    Plaintiffs,<br><br>          v.<br><br>SALVADOR GODINEZ, Director of the<br>Illinois Department of Corrections,<br>TY J. BATES, Deputy Director of IDOC,<br>Southern District,<br>RANDY DAVIS, Warden of Vienna<br>Correctional Center,<br>NORMAN SUITS, head of Day-to-Day<br>Operations at Dixon Springs Impact<br>Incarceration Program (IIP),<br>OFFICER BARNHART, correctional<br>officer at IIP<br>UNKNOWN AND UNNAMED<br>OFFICERS at IIP,<br>All in their individual capacities,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**<br><br>**JURY DEMANDED** |

**JURISDICTION AND VENUE**

    1.    This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

    2.    Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as Defendant GODINEZ resides in this district and all the other Defendants are residents of the State of Illinois.

1

## PARTIES

3. At all times herein mentioned, Plaintiff, MICHAEL WILLIAMS, has been a citizen of the United States and has resided in Chicago, IL, which is within the jurisdiction of this court.

4. At all times herein mentioned, Plaintiff, BRIAN THOMAS, has been a citizen of the United States and has resided in Chicago, IL within the jurisdiction of this court.

5. At all times herein mentioned, Plaintiff, SEDRICK PHILLIPS, has been a citizen of the United States and has resided in Hazelcrest, IL, which is within the jurisdiction of this court.

6. At all times herein mentioned, Plaintiff, MIKAL DAVIS, has been a citizen of the United States and has resided in South Holland, IL, which is within the jurisdiction of this court.

7. Beginning in November 1, 2011, Plaintiffs were incarcerated at Vienna Correctional Center's Dixon Springs Impact Incarceration Program (commonly referred to "IIP").

8. IIP is a bootcamp style facility designed for offenders with relatively minor criminal records.

9. IIP is a satellite facility of Vienna Correctional Center.

10. Vienna Correctional Center is an Illinois Department of Corrections ("IDOC") facility.

11. At all times herein mentioned, Defendant SALVADOR GODINEZ was employed by the Illinois Department of Corrections ("IDOC") as its Director, and was acting under color of state law and as the employee, agent, or representative of IDOC. In his capacity as Director, GODINEZ oversees all IDOC facilities, including Vienna Correctional Center and IIP. GODINEZ is being sued in his individual capacity.

12. At all times herein mentioned, Defendant TY J. BATES was employed by IDOC as Deputy Director of the Southern District, and was acting under color of state law and as the

employee, agent, or representative of IDOC. Vienna Correctional Center and IIP are located within BATES' jurisdiction. BATES is being sued in his individual capacity.

13. At all times herein mentioned, Defendant RANDY DAVIS was employed by IDOC as Warden of Vienna Correctional Center, and was acting under color of state law and as the employee, agent, or representative of IDOC. DAVIS is being sued in his individual capacity.

14. At all times herein mentioned, Defendant NORMAN SUITS was employed IDOC as the head of Day-to-Day Operations of Dixon Springs IIP and was acting under color of state law and as the employee, agent, or representative of the Illinois Department of Corrections. SUITS is being sued in his individual capacity.

15. At all times herein mentioned, Defendant OFFICER BARNHART was employed by IDOC, as a correctional officer at Dixon Springs IIP and was acting under color of state law and as the employee, agent, or representative of IDOC. BARNHART is being sued in his individual capacity.

16. At all times herein mentioned, there were an unknown number of UNKNOWN AND UNNNAMED DEFENDANTS working as correctional officers at Dixon Springs IIP who were employed by IDOC and were acting under color of state law and as the employees, agents, or representatives of IDOC. These defendants are being sued in their individual capacities. Once Plaintiffs identify them, they will seek leave to amend the complaint to add them as named Defendants.

## COMMON FACTS

17. Beginning on or around November 1, 2011, Plaintiffs were incarcerated at Dixon Springs Impact Incarceration Program ("IIP").

18. There are approximately 200 inmates housed at IIP at any given time.

19. Plaintiffs were incarcerated under conditions that posed a substantial risk of serious harm to their health and/or safety. These conditions include:

*bathrooms*

    a. There are an unreasonably low number of toilets for the number of inmates.

    b. Each inmate was allotted a maximum of two minutes to use the toilet (sometimes even less), four times per day.

    c. If the inmate could not finish within two minutes, he would be punished.

*cold*

    d. Plaintiffs were forced to exercise outside for hours at a time, despite very cold temperatures.

    e. The heat was almost never on.

    f. Plaintiffs were not given coats, hats, or gloves despite very cold temperatures, while correctional officers wore multiple layers, coats, hats and gloves to protect themselves from the cold.

    g. Plaintiffs were forced to sleep at night in underwear and with just one thin blanket.

    h. Water dripped from the ceiling onto their beds.

    i. Plaintiffs always took showers in cold water.

    j. Plaintiffs were punished for infractions of rules by being forced to remain outside for hours at a time despite very cold temperatures. They were not given coats, hats or gloves.

    k. In some instances, Plaintiffs were forced to lie down outside in rain, snow and slush as punishment for rule infractions.

      l.    When one inmate was punished for an infraction, every other inmate was punished identically.

*Food*

      m.   Plaintiffs were forced to eat spoiled meat and dairy products.

      n.    There were bugs in Plaintiffs' food.

      o.    If Plaintiffs did not eat the food on their plate, even if it was spoiled or had bugs in it, they would be punished.

20.    Upon information and belief, these conditions continue through the present day.

21.    All of the above conditions constituted were so persistent and widespread so as to be considered standard operating procedures at IIP.

22.    SUITS, BARNHART, and UNKNOWN AND UNNAMED OFFICERS personally witnessed Plaintiffs suffering these conditions, knew of the substantial risk of serious harm to their health that these conditions posed, and consciously disregarded this risk by failing to take reasonable measures to deal with it.

23.    GODINEZ, BATES, and DAVIS knew or should have known that inmates at IIP suffered the above conditions and knew of the substantial risk of serious harm to their health that these conditions posed; and they approved, assisted, condoned, or purposely ignored those conditions.

24.    GODINEZ, BATES, DAVIS, and SUITS did not inadequately train and supervise subordinates at these facilities and/or it was obvious that more and/or different training was needed to avoid these customs.

25.    By reason of the above-described acts and omissions of Defendants, Plaintiffs sustained injuries, including but not limited to physical injury, humiliation and indignities, and suffered great mental and emotional pain and suffering all to their damage in an amount to be ascertained.

26. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

27. By reason of the above-described acts and omissions of Defendants, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of his rights. By reason thereof, Plaintiffs requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## CLASS ACTION ALLEGATIONS

28. Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23, on their own behalf and as representatives of the following class of persons and entities (the "Class"): all inmates incarcerated at IIP beginning November 1, 2011 to present.

29. The Class is individually so numerous that joinder of all members is impracticable. Plaintiffs believe that there are 200 members in the Class.

30. Common questions of fact and law exist as to all members of the Class. These common questions include the conditions Plaintiffs were subjected to as described in paragraph 19, *supra*, and whether those conditions posed a substantial risk of serious harm to Plaintiffs' health and safety so as to constitutional unconstitutional conditions of confinement.

31. These questions of fact predominate over any questions affecting solely individual members of the Class.

32. Plaintiffs' claims are typical of the claims of the other members of the Class.

33. Plaintiffs and the members of the Class have all sustained damage in that during the Class Period they all faced substantially similar conditions at IIP.

34. The conditions of the facility, the effects of those conditions and the relief sought by Plaintiffs are all issues or questions that are common to Plaintiffs and the other Class members.

35. Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class action and prisoners' rights litigation.

36. Plaintiff's interests are aligned with, and not antagonistic to, the interests of the other Class members.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because:

    a. Joinder of all members of the Class is impracticable.

    b. The prosecution of separate actions by individual members of the Class would impose heavy burdens upon the courts and Defendants, and would create a risk of inconsistent or varying adjudications of the questions of law and fact common to the Class.

    c. A class action would achieve substantial economies of time, effort and expense, and would assure uniformity of decision as to persons similarly situated without sacrificing procedural fairness.

38. There will be no material difficulty in the management of this action as a class action on behalf of the Class.

# CLAIMS

### COUNT I: Against All Defendants for Cruel and Unusual Punishment in Violation of the Eighth Amendment—*bathroom time*

39. Plaintiffs re-allege and re-incorporate paragraphs one through thirty-eight (38) as though fully alleged herein.

40. Plaintiffs were incarcerated under conditions (related to bathroom use) that posed a substantial risk of serious harm to their health or safety.

41. Defendants consciously disregarded this risk by failing to take reasonable measures to deal with it. In doing so, Defendants exhibited deliberate indifference.

42. Defendants' actions and omissions caused harm to Plaintiffs.

43. Therefore, Defendants are liable to Plaintiffs for violating their Eighth Amendment rights under 42 U.S.C. § 1983.

### COUNT II: Against All Defendants for Cruel and Unusual Punishment in Violation of the Eighth Amendment—*the cold*

44. Plaintiffs re-allege and re-incorporate paragraphs one through thirty-eight (38) as though fully alleged herein.

45. Plaintiffs were incarcerated under conditions (related to cold) that posed a substantial risk of serious harm to their health or safety.

46. Defendants consciously disregarded this risk by failing to take reasonable measures to deal with it. In doing so, Defendants exhibited deliberate indifference.

47. Defendants' actions and omissions caused harm to Plaintiffs.

48. Therefore, Defendants are liable to Plaintiffs for violating their Eighth Amendment rights under 42 U.S.C. § 1983.

### COUNT III: Against All Defendants for Cruel and Unusual Punishment in Violation of the Eighth Amendment—*the food*

49. Plaintiffs re-allege and re-incorporate paragraphs one through thirty-eight (38) as though fully alleged herein.

50. Plaintiffs were incarcerated under conditions (related to food) that posed a substantial risk of serious harm to their health or safety.

51. Defendants consciously disregarded this risk by failing to take reasonable measures to deal with it. In doing so, Defendants exhibited deliberate indifference.

52. Defendants' actions and omissions caused harm to Plaintiffs.

53. Therefore, Defendants are liable to Plaintiffs for violating their Eighth Amendment rights under 42 U.S.C. § 1983.

### RELIEF SOUGHT

WHEREFORE, Plaintiffs, by and through their attorneys, Ed Fox & Associates, pray for relief as follows:

1. For an order certifying this lawsuit as a class action pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, and designating Plaintiffs as the Class representatives, and their counsel as Class Counsel;

2. That Defendants, sued in their individual capacities, be required to pay Plaintiffs compensatory damages in a sum to be ascertained;

3. That Defendants, sued in their individual capacities, be required to pay punitive and exemplary damages in a sum to be ascertained;

4. That Defendants be ordered to comply with the following injunctive relief: immediately correct all the unconstitutional conditions described herein to prevent such constitutional deprivations from continuing.

5.   That Defendants be required to pay Plaintiffs' attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

6.   That the Defendants be required to pay Plaintiffs' costs of the suit herein incurred; and

7.   That Plaintiff have such other and further relief as this Court may deem just and proper.

>                    BY:   s/ Julie O. Herrera
>                          Julie O. Herrera
>                          ED FOX & ASSOCIATES
>                          Attorneys for Plaintiff
>                          300 West Adams, Suite 330
>                          Chicago, Illinois 60606
>                          P: (312) 345-8877
>                          F: (312) 853-3489
>                          jherrera@efox-law.com

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

BY: s/ Julie O. Herrera
Julie O. Herrera
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
P: (312) 345-8877
F: (312) 853-3489
jherrera@efox-law.com