# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4115 | **DATE** | July 2, 2012 |
| **CASE TITLE** | Michael Williams, et al. v. Salvador Godinez, et al. | | |

**DOCKET ENTRY TEXT:**

On review pursuant to 28 U.S.C. § 1915A, the Court finds that there is no discernable reason why venue is appropriate in this district. Consequently, this action is transferred to the United States District Court for the Southern District of Illinois at East St. Louis for whatever action the transferee court deems appropriate. The case is terminated on this Court's docket.

■ [**For further details see text below.**]                                                                    **Docketing to mail notices.**

## STATEMENT

Plaintiffs' counsel has brought this proposed civil rights class action pursuant to 42 U.S.C. § 1983. While summonses have issued, the Court is still required to complete an initial review on this case pursuant to 28 U.S.C. § 1915A. The Plaintiffs claim that they are being subjected to a variety of unconstitutional conditions of confinement at the Dixon Springs Impact Incarceration Program, located at Vienna Correctional Center in Vienna, Illinois. Without expressing an opinion as to the merits of the complaint, the Court finds that the more appropriate venue for this matter lies in the Southern District of Illinois.

Under 28 U.S.C. § 1391(b), a civil rights action under Section 1983 may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Transfers venue is governed by 28 U.S.C. § 1404(a), which permits the Court to transfer a case, "[f]or the convenience of parties and witnesses, [and] in the interest of justice," to any other district where the case could have been filed. A transfer is appropriate only if "(1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice." *United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998).

In determining whether venue is appropriate, the Court considers a number of factors that include: (1) plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; and (4) the convenience of the parties and witnesses. *Medi USA v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992). Plaintiff's choice of forum is given substantial weight, unless it has little connection to the suit. *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 902 (N.D. Ill. 2001). Such is the case here.
**(CONTINUED)**

|  | AWL |
|---|---|

**STATEMENT (continued)**

  While Plaintiffs plead that Defendant Godinez resides in the Northern District, as the Director of the Illinois Department of Corrections, his primary offices are located in Springfield, Sangamon County, Illinois. Defendant Godinez is being sued only in his individual capacity, and from the facts pled, seemingly solely in his supervisory capacity. Plaintiffs have alleged no facts suggesting his direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. They merely plead that he "knew or should have known of the unconstitutional conditions at Vienna. Nor have Plaintiffs indicated that the alleged violation of their constitutional rights occurred at his direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). While Plaintiffs allege a failure to train claim against Godinez, they are suing him only in his individual capacity, and plead no facts to support such a claim. Plaintiffs' claims against Godinez amount to legal conclusions, not facts, which the Court need not consider. *see Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). It seems to the Court that Plaintiffs' inclusion of Godinez as a Defendant is calculated to attempt to fix venue for the entire suit in the Northern District, as Defendant Godinez is the only named Defendant who has any office located in the Northern District, with no facts pled justifying his inclusion. The Court raises these pleading issues not to dismiss Defendant Godinez as a Defendant, but solely for evaluating this case for appropriate venue.

  All other named Defendants reside in Vienna, Illinois. Vienna is located in Johnson County, which is situated in the Southern District of Illinois federal judicial district. *See* 28 U.S.C. § 93(c). The events giving rise to this lawsuit all took place in Vienna, Illinois. As the conditions complained of exist at Vienna Correctional Center, any party or non-party witnesses to those conditions and any sources of proof would be located in the Southern District of Illinois. Venue does, therefore, exist in the Southern District of Illinois and, given the particulars of this case, that district is clearly the most convenient forum for this action.

  For the foregoing reasons, this action is transferred to the United States District Court for the Southern District of Illinois at East St. Louis pursuant to 28 U.S.C. § 1404(a) for action the transferee court deems appropriate.