IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL WILLIAMS, BRIAN THOMAS, SEDRICK PHILLIPS, AND MIKAL DAVIS, <br><br> Plaintiffs, <br><br> v. <br><br> SALVADOR GODINEZ, TY J. BATES, RANDY DAVIS, NORMAN SUITS, OFFICER BARNHART, UNKNOWN AND UNNAMED OFFICERS, <br><br> Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 12-808-MJR |

## **A N S W E R**

Now come defendants, Randy Davis, Norman Suits and James Barnard, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby answer plaintiff's complaint as follows:

1. Defendants admit the allegations contained in this paragraph.

2. Defendants deny that venue was appropriate in the Northern District of Illinois.

3. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

4. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

5. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

6. Defendants lack sufficient knowledge to admit or deny the allegations

contained in this paragraph.

7. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph because plaintiffs have not identified themselves by inmate number.

8. Defendants admit the allegations contained in this paragraph.

9. Defendants admit that Vienna Correctional Center is the parent institution for IIP.

10. Defendants admit the allegations contained in this paragraph.

11. Defendants admit that defendant Godinez has been the Director of IDOC since May 2011. The defendants admit the remaining allegations contained in this paragraph.

12. The defendants deny that defendant Bates was the Deputy Director for the Southern District prior to December 2011. The defendants admit the remaining allegations contained in this paragraph.

13. Defendants deny that defendant Davis was the Warden of Vienna at all times mentioned in the complaint. Defendants admit the remaining allegations contained in this paragraph.

14. Defendants admit that defendant Suits was the Superintendent of Dixon Springs between November 2011 and his retirement in October 2012. Defendants admit the remaining allegations contained in this paragraph.

15. Defendants admit this allegation to the extent it refers to defendant Barnard.

16. The defendants lack sufficient knowledge to admit or deny the allegations

contained in this paragraph.

17.    The defendants are unable to admit or deny the allegations contained in this paragraph because the plaintiffs have not provided sufficient identifying information to allow a review of departmental records.  Counsel for the defendants has reviewed the records and it appears plaintiffs Phillips and Davis were at Dixon Springs from November 1, 2011 until they were released.  Counsel was unable to make any determination regarding plaintiffs Williams and Thomas.

18.    Defendants deny the allegations contained in this paragraph.

19.    Defendants admit that inmates are in a disciplined environment where they are not allowed to waste time.  Defendants admit inmates sleep in their underwear.  Defendants admit that inmates have been temporarily housed in the gym and that condensation sometimes forms and drips in that space.  Defendants admit that groups of inmates can be disciplined for the actions of other inmates.  Defendants deny the remaining allegations contained in this paragraph.

20.    See response to paragraph 19.

21.    See response to paragraph 19.

22.    Defendants deny the allegations contained in this paragraph.

23.    Defendants deny the allegations contained in this paragraph.

24.    Defendants admit they did not inadequately train and supervise their employees, but deny it was obvious that more or different training was needed.

25.    Defendants deny the allegations contained in this paragraph.

26.    Defendants deny the allegations contained in this paragraph.

27.    The defendants deny the allegations contained in this paragraph.

28. Defendants deny that plaintiffs have moved for class certification.

29. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

30. Defendants deny the allegations contained in this paragraph.

31. Defendants deny the allegations contained in this paragraph.

32. Defendants deny the allegations contained in this paragraph.

33. Defendants deny the allegations contained in this paragraph.

34. Defendants deny the allegations contained in this paragraph.

35. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

36. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

37. Defendants deny the allegations contained in this paragraph.

38. Defendants deny the allegations contained in this paragraph.

39. Defendants deny the allegations contained in this paragraph.

40. Defendants deny the allegations contained in this paragraph.

41. Defendants incorporate their responses to paragraphs 1 through 38.

42. Defendants deny the allegations contained in this paragraph.

43. Defendants deny the allegations contained in this paragraph.

44. Defendants deny the allegations contained in this paragraph.

45. Defendants deny the allegations contained in this paragraph.

46. Defendants incorporate their responses to paragraphs 1 through 38.

47. Defendants deny the allegations contained in this paragraph.

48. Defendants deny the allegations contained in this paragraph.

49. Defendants deny the allegations contained in this paragraph.

50. Defendants deny the allegations contained in this paragraph.

51. Defendants incorporate their responses to paragraphs 1 through 38.

52. Defendants deny the allegations contained in this paragraph.

53. Defendants deny the allegations contained in this paragraph.

54. Defendants deny the allegations contained in this paragraph.

55. Defendants deny the allegations contained in this paragraph.

## RELIEF SOUGHT

1. Defendants deny that a class should be certified in this matter.

2. Defendants deny plaintiffs are entitled to damages.

3. Defendants deny plaintiffs are entitled to damages.

4. Defendants deny plaintiffs are entitled to an injunction.

5. Defendants deny plaintiffs are entitled to attorneys fees.

6. Defendants deny plaintiffs are entitled to costs.

7. Defendants deny plaintiffs are entitled to any relief in this matter.

## AFFIRMATIVE DEFENSES

1.. At all times relevant herein, defendants acted in good faith in the performance of their official duties and without violating plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.

2. To the extent plaintiffs have failed to exhaust their administrative remedies

as is required prior to filing suit under 42 U.S.C. 1983 by the Prison Litigation Reform Act (42 U.S.C. 1997) their claims are barred.

    3.    Plaintiff's claim for injunctive relief is barred by sovereign immunity and the Eleventh Amendment.

                  Respectfully submitted,

                  RANDY DAVIS, NORMAN SUITS, and JAMES BARNARD,

                  Defendants,

                  LISA MADIGAN, Attorney General,
State of Illinois

Christopher L. Higgerson, #6256085      Attorney for Defendants,
Assistant Attorney General
500 South Second Street                By:   s/Christopher L. Higgerson
Springfield, IL  62706                     CHRISTOPHER L. HIGGERSON
(217) 782-5819                            Assistant Attorney General

Of Counsel.

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2013, I presented the foregoing Defendants' Answer and Affirmative Defenses to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to the following:

jherrera@fox-law.com

and I hereby certify that on May 10, 2013, I have mailed by United States Postal Service the document to the following non-registered participant:

None

Respectfully submitted,

s/Christopher L. Higgerson
Christopher L. Higgerson
Assistant Attorney General
Office of the Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-5819
Facsimile:  (217) 524-5091
chiggerson@atg.state.il.us