IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL WILLIAMS, BRIAN THOMAS, SEDRICK PHILLIPS, AND MIKAL DAVIS, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 12-CV-808-MJR-SCW |
| vs. | ) ) | |
| SALVADOR GODINEZ, TY J. BATES, RANDY DAVIS, NORMAN SUITS, OFFICER BARNHART, UNKNOWN AND UNNAMED OFFICERS, | ) ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiffs Michael Williams, Brian Thomas, Sedrick Phillips and Mikal Davis have sued Defendant prison officials for allegedly violating their Eighth Amendment rights by subjecting them to unconstitutional conditions of confinement.   Plaintiffs now move to certify a class pursuant to Federal Rule of Civil Procedure 23 (Doc. 40).   For the following reasons, the Court **GRANTS in part and DENIES in part** Plaintiffs' Motion for Class Certification (Doc. 40).

## Background

The named Plaintiffs allege that Defendants were deliberately indifferent to their

serous medical needs when they subjected them to conditions during their incarceration at Dixon Springs Impact Incarceration Program ("Dixon Springs IIP") that posed a substantial risk of serious harm to their health and safety (Doc. 41, p. 3).   Dixon Springs IIP is a satellite facility of Vienna Correctional Center (Doc. 41, p. 2).   In order to be eligible to be placed in an IIP, such as Dixon Springs, an offender must not have more than one or two felonies on their record and may not have been convicted of a violent crime at any point (*Id*.).   If the offender is accepted into an IIP, their sentence will be reduced to four months if the program is successfully completed (*Id*.).   These IIP's are run similar to military style "boot camps."   (*Id*.).

Plaintiffs classify the allegedly unconstitutional conditions that they were subjected to into three categories: (1) bathrooms, (2) cold, and (3) food.   With respect to bathroom usage, Plaintiffs assert that inmates were given extremely limited time restraints on bathroom usage (e.g. a maximum of two minutes to use the toilet, four times per day, and often limited even further) (Doc. 41, p. 3).   Inmates with bowel issues were forced to "relieve themselves in their underwear and compelled to sit in their own excrement and urine for a substantial amount of time without being given the opportunity to change their clothes." (*Id*.).

With respect to the cold, Plaintiffs assert that they were subjected to sub-freezing temperatures and snow during the winter months and offered little to no protection from the elements (*Id*. at p. 4).   Plaintiffs allege that they were also required to exercise

outside, notwithstanding the cold weather, but were not given coats, hats or gloves (*Id*.). Further, the heat was never turned on in the facility and the water used for showers was always cold (*Id*.). Plaintiffs and other inmates were forced to sleep at night in only their underwear and a sheet-like blanket (*Id*.). With respect to the food, Plaintiffs assert that they were forced to eat rotten meat, spoiled and expired dairy products, rotten fruit, expired eggs and moldy bread (*Id*.). Further, Plaintiffs assert that they were served crackers with bugs in them and other food items that contained roaches and rat/mouse droppings (*Id*.).

Plaintiffs seek to assert these claims on behalf of all similarly situated inmates that were subjected to substantially similar conditions. Specifically, Plaintiffs request certification of the following class: **all convicted offenders in the state of Illinois who, from May 25, 2010 through the present, were incarcerated as inmates at the Dixon Springs Impact Incarceration Program (Doc. 41, p. 1)**.

## Analysis

### A. Standard Governing Class Certification

District courts should exercise "caution in class certification generally." *Thorogood v. Sears, Roebuck & Co.*, **547 F.3d 742, 746 (7th Cir. 2008)**. To obtain class certification under Rule 23, a plaintiff must satisfy each requirement of Rule 23(a) – numerosity, commonality, typicality, and adequacy of representation – and one subsection of Rule 23(b). *See Harper v. Sheriff of Cook County*, **581 F.3d 511, 513 (7th**

Cir. 2009); *Oshana v. Coca-Cola Co.*, **472 F.3d 506, 513 (7th Cir. 2006)**. Failure to meet any of the requirements of Rule 23(a) precludes class certification. ***Oshana*, 472 F.3d at 513**. In this case, Plaintiffs argue that they meet all of the requirements of Rule 23(a) and that class certification is appropriate under 23(b)(1), 23(b)(2) and 23(b)(3).

The plaintiff bears the burden of proving each disputed requirement by a preponderance of the evidence. ***Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012)**. "'Failure to meet any of the Rule's requirements precludes class certification.'" ***Harper*, 581 F.3d at 513 (quoting *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008))**. Satisfaction of these requirements, on the other hand, categorically entitles plaintiff to pursue his claim as a class action. ***See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins.*, 559 U.S. 393, 398-99, 130 S. Ct. 1431, 176 L. Ed. 2d 311 (2009)**. The court has broad discretion to determine whether the proposed class meets the requirements of Rule 23. ***Cima v. WellPoint Health Networks, Inc.*, 250 F.R.D. 374, 377 (S.D. Ill. 2008)**.

For purposes of a motion to certify a class, the court does not reach the merits of the complaint. ***See Eisen v. Carlisle v. Jacquelin*, 417 U.S. 156, 178, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974) ("In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.")**. The Seventh Circuit has instructed that district courts should make "whatever factual and legal

inquiries are necessary under Rule 23." *Szabo v. Bridgeport Mach., Inc.*, **249 F.3d 672, 676 (7th Cir. 2001)**.

## B. Rule 23(a) Requirements

### a. Numerosity

Rule 23(a) requires that a proposed class be "so numerous that joinder of all members is impracticable." **FED. R. CIV. P. 23(a)(1).** "[A] class of more than 40 individuals raises a presumption that joinder is impracticable." *Carrier v. JPB Enters, Inc.*, **206 F.R.D. 332, 334 (D. Me. 2002);** *see also Swanson v. American Consumer Indus., Inc.*, **415 F.2d 1326, 1333 (7th Cir. 1969) (at least forty members);** *see also Cima v. Wellpoint Health Networks, Inc.*, **250 F.R.D. 374, 378 (S.D. Ill. 2008) ("courts have found the numerosity element satisfied where the putative class would number in the range of as few as ten to forty class members.");** *Hendricks-Robinson v. Excel Corp.*, **164 F.R.D. 667, 671 (C.D. Ill. 1996) (thirty-eight class members)**.

Here, Plaintiffs' uncontradicted assertion is that the number of inmates housed at Dixon Springs IIP may be as many as three hundred at any one time (Doc. 41, p. 7). The number housed at Dixon Springs IIP at the most recent audit was 277 (Doc. 41, p. 7, FN 4). Additionally, Plaintiffs assert that a majority of the inmates incarcerated at Dixon Springs spend approximately four months in the facility if they successfully complete the program (Doc. 41, p. 7). In light of this, it is reasonable for the Court to assume that the proposed class in this case (from May 25, 2010 to the present) numbers well within the hundreds, if not over one thousand. *Rawson v. Source Receivables Management,*

*LLC*, 289 F.R.D. 267, 269 (N.D. Ill. 2013) **(In evaluating whether Rule 23(a)(1) is satisfied, a court is entitled to "make common sense assumptions in assessing whether this requirement is met.")**.   Defendants do not dispute that the proposed class satisfies this element of Rule 23(a).   Therefore, the Court finds that the requirement of numerosity is met.

### b.  Commonality

Rule 23(a) also provides that "questions of law or fact common to the class" must exist before a class may be certified.   FED. R. CIV. P. 23(a)(2).   Courts have generally described this requirement as a low hurdle to surmount, *see Flanagan v. Allstate Ins. Co.*, 242 F.R.D. 421 (N.D. Ill. 2007), and it is satisfied when a common nucleus of operative facts exist.   *Id.* **(citing *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992))**.   Class certification will not be defeated solely because there are some factual variations among the grievances of the class members.   *McManus v. Sturm Foods, Inc.*, **292 F.R.D. 606, 618 (S.D. Ill. 2013);** *see also Keele v. Wexler*, **149 F.3d 589, 594 (7th Cir. 1998)**.

Here, the conditions that Plaintiffs complain of relate to the cold, bathrooms and food that inmates face on a day-to-day basis while housed at Dixon Springs IIP. Plaintiff alleges that these conditions are systemic throughout the facility.    Because it appears that each potential class member is subjected to these conditions because they persist throughout the facility, the Court finds that commonality is satisfied.

### c.  Typicality

Rule 23(a) also requires a court to determine whether the "claims or defenses of the representative parties are typical of the claims or defenses of the class." **FED. R. CIV. P. 23(a)(3).** "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.,* **713 F.2d 225, 232 (7th Cir. 1983).** "[T]ypical does not mean identical, and the typicality requirement is liberally construed." *Westefer v. Snyder,* **No. 00-162, 2006 WL 2639972, at *5 (S.D. Ill. Sept. 12, 2006) (quoting** *Gaspar v. Linvatec Corp.,* **167 F.R.D. 51, 57 (N.D. Ill. 1996)).**

Here, all class members' claims stem from the "same event or practice or course of conduct," because every inmate faces the same prison conditions at issue here. Plaintiffs' legal theories for condemning these conditions underpin the claims of every class member. Defendants assert, however, that some inmates will not be exposed to cold weather because an inmate's stay at an impact incarceration camp lasts only 120 to 180 days (Doc. 45, p. 2). *See* **730 ILCS 5/5-8-1.1(f).** The Court, however, does not find that this factual distinction regarding length of stay and experience of cold weather conditions is sufficient to destroy typicality. The named Plaintiffs' claims are typical of those of the putative class members because the same set of policies and practices are allegedly applied to both the named Plaintiffs and the proposed class members in the same way. While certain class members who did not experience the cold weather

conditions because they were not incarcerated at Dixon Springs IIP in the winter months might affect the level of damages, "it has no bearing on the gravamen of [their] claim," which is the asserted constitutional violations due to various aspects of the Dixon Springs IIP living environment. *See Williams v. Lane*, **96 F.R.D. 383, 386 (N.D. Ill. 1982) ("While a class member's tenure in the Unit affects the level of his damages- an issue for which class certification is not sought- it has no bearing on the gravamen of his claim: the asserted constitutional infirmity of various aspects of the Unit environment."); *See also Chatman v. Winnebago County*, No. 00-C-50084, 2002 WL 424617, at \*1 (N.D. Ill. Mar. 18, 2002) ("That the particular conditions may differ slightly from one cell block to the next, or that there are factual distinctions between the actual injuries suffered by [the named plaintiff] and the class members, does not defeat typicality under Rule 23(a)(3)."); *Oshana*, 472 F.3d at 514 (even though some factual variations may not defeat typicality, the requirement is meant to ensure that the named representative's claims have the same essential characteristics as the claims of the class at large)**. The principal legal theory, that these conditions violate the Eighth Amendment, is typical to every inmate at Dixon Springs IIP who are obligated to live in such conditions. Thus, the Court concludes that the typicality requirement is met.

### d. Adequacy

Finally, Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). This requires an inquiry into whether (1) plaintiffs' counsel is qualified, experienced, and generally able

to conduct the proposed litigation, and (2) whether the named plaintiff and the proposed class have antagonistic or conflicting interests. *See Rawson*, **289 F.R.D. at 269 (citing *Rosario*, 963 F.2d at 1018)**. In general, absent some showing to the contrary, adequacy of representation will be presumed. *Westefer*, **2006 WL 2639972, at \*6**.

Here, Defendants do not contend that Plaintiffs are inadequate class representatives or that Plaintiffs' class counsel is inadequate. The Court does not find anything in the record indicating that Plaintiffs Michael Williams, Brian Thomas, Sedrick Phillips and Mikal Davis have different or unaligned interests to all members of the class. Instead, it appears that each of the named and unnamed class members allegedly suffered similar unconstitutional conditions of confinement. Further, Plaintiffs have indicated that Mr. Fox and Mr. Beasley are experienced in both civil rights and class litigation and that they will work vigorously to vindicate the rights of the class members in accordance with Rule 23(a)(4). Thus, the Court concludes that the requirement of adequacy is met in this case.[1]

### C. Rule 23(b) Requirements

Because the Court is satisfied that Plaintiffs have established the Rule 23(a) prerequisites, it next examines whether a class action can be maintained under one of Rule 23(b)'s three subsections. Plaintiff seeks class certification under Rule 23(b)(1), (b)(2) and (b)(3). Rule 23(b) authorizes certification of a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

---

[1] The Court finds that adequacy is met with the exception of the discussion below regarding Plaintiffs and Rule 23(b)(2) certification.

(1) prosecuting separate actions by or against individual class members would create a risk of:

    (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct of the party opposing the class; or

    (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class actions is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

    (A) the class members' interests in individually controlling the prosecution or defense of separate actions;

    (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

    (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

    (D) the likely difficulties in managing a class action.

FED. R. CIV. P. 23(b)(1), (b)(2), (b)(3).

    a. **Rules 23(b)(1) & 23(b)(2)**

Rule 23(b)(2) permits certification of a class where "the party opposing the class

has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." FED. R. CIV. P. 23(b)(2). The Supreme Court has clarified the standard under Rule 23(b)(2) as follows:

> Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant. Similarly, it does not authorize class certification when each class member would be entitled to an individualized award of monetary damages.

*Wal-Mart Stores, Inc. v. Dukes*, **131 S. Ct. 2541, 2557, 180 L. Ed. 2d 374 (2011)**.

The named Plaintiffs seek to certify a class under Rule 23(b)(2) to obtain injunctive relief on behalf of all other similarly situated inmates from May 25, 2010 through the present were incarcerated at Dixon Springs IIP. The injunctive relief that Plaintiffs seek is to immediately correct all the unconstitutional conditions that persist and continue to persist into the present.

In order to be an adequate class representative, a named plaintiff must have had standing at the time the complaint was filed. *Portis v. City of Chicago*, **347 F. Supp. 2d 573, 576 (N.D. Ill. 2004);** *Gilmore v. Southwestern Bell Mobile Sys., LLC*, **No. 01-C-2900, 2002 WL 548704, at \*4 (N.D. Ill. 2002)**. A plaintiff seeking injunctive relief must show that he or she is currently suffering some injury or in immediate danger of sustaining a direct injury. *See City of Los Angeles v. Lyons*, **461 U.S. 95, 101-02, 103 S. Ct. 1660, 1665, 75 L. Ed. 2d 675 (1983)**. Past exposure to violative conduct is insufficient unless

accompanied by a continuing adverse effect. *Butler v. Illinois Bell Telephone Co.*, **No. 06-C-5400, 2008 WL 474367, at \*6 (N.D. Ill. Feb. 14, 2008) (citing *Piggee v. Carl Sandburg College*, 464 F.3d 667, 673 (7th Cir. 2006)**.

Plaintiffs Williams, Thomas, Phillips, and Davis assert in their Memorandum in Support of the Motion for Class Certification that they "were all incarcerated at Dixon Springs IIP from roughly November 2011 through February/March 2012." (Doc. 41, p. 2). Thus, it is undisputed that Plaintiffs left Dixon Springs IIP in February and March of 2012. Plaintiffs filed the Complaint on May 25, 2012 in the Northern District of Illinois (it was subsequently transferred to this Court) and the Motion to Certify Class on July 25, 2013 (*See* Docs. 1 & 40). Since none of the Plaintiffs were Dixon Springs IIP inmates at the time the complaint was filed, nor were they inmates at the time the motion for class certification was filed, they do not have a personal stake in the injunctive relief that they seek. *See Rahim v. Sheahan*, **No. 99-C-0395, 2001 WL 1263493, at \*5 (N.D. Ill. Oct. 19, 2001 (Plaintiffs were "not detainees at the time they joined the Fourth Amended Complaint, and thus they do not have a personal stake in the portion of the litigation that seeks declaratory and injunctive relief.")**. Further, the Court finds that the likelihood that Plaintiffs will return to Dixon Springs IIP is too speculative to support a right to an injunction. *See Clarke v. Lane*, **267 F.R.D. 180, 192 (E.D. Penn. 2010) ("the 'likelihood' of Plaintiffs returning to Coleman Hall for future criminal conduct is too speculative and not the 'likelihood of future injury' that is required.")**; *see also Arreola v. Godinez*, **546 F.3d 788, 799 (7th Cir. 2008) (the likelihood that Plaintiff would**

**return to jail and would once again be suffering from a lower-extremity fracture requiring crutches was too speculative to support a right to an injunction);** *O'Shea v. Littleton,* **414 U.S. 488, 495-96, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974) (finding that a Plaintiff lacks standing when the "prospect of future injury rests on the likelihood that respondents will again be arrested for and charged with violations of criminal law and will again be subjected to bond proceedings, trial, or sentencing before Petitioners.").**   Thus, the Court finds that Plaintiffs are not adequate representatives for a class seeking to immediately correct all the unconstitutional conditions at Dixon Springs IIP and prevent such constitutional deprivations from continuing.   *See City of Los Angeles v. Lyons,* **461 U.S. 95, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) (requires that the named plaintiff have standing to seek prospective relief in order to represent a class of persons seeking such relief);** *see also Robinson v. Chicago,* **868 F.2d 959 (7th Cir. 1989),** *cert. denied,* **493 U.S. 1035;** *see also Portis v. City of Chicago,* **347 F. Supp. 2d 573 (N. D. Ill. 2004) (named plaintiff who has no standing to seek injunctive relief when suit is filed may not represent class of individuals seeking injunctive relief, even though named plaintiff has standing to seek damages and is class representative of a damages class)**. Thus, based on the fact that Plaintiffs lack standing to pursue injunctive relief, Plaintiffs' motion for class certification pursuant to Rule 23(b)(2) is denied.[2]

Because Plaintiffs lack standing to assert such a claim for injunctive relief, the

---

[2] Since standing is a jurisdictional requirement, it that can be raised *sua sponte* by the Court.   ***See Butler v. Illinois Bell Telephone Company*, No. 06-C-5400, 2008 WL 474367, at \*FN 15 (N.D. Ill. Feb. 14, 2008);** *see also* ***Metallgesellschaft AG v. Sumitomo Corp. of Am.*, 325 F.3d 836, 842 (7th Cir. 2000)**.

Court will not certify a class pursuant to Rule 23(b)(1)(A). Plaintiffs may not proceed under 23(b)(1)(A) where only monetary damages are sought. *Butler v. Illinois Bell Telephone Co.*, No. 09-C-5400, 2008 WL 474367, at *6 (N.D. Ill. Feb. 14, 2008); *see also Bowe Bell + Howell*, No. 03-C-8010, 2005 WL 1139645, at * 5(quoting *In re Dennis Greenman Secs. Litig.*, 829 F.2d 1539, 1544 (11th Cir. 1987) ("[C]ourts reason that inconsistent standard for future conduct are not created because a defendant might be found liable to some plaintiffs and not others."); *see Green v. Occidental Petroleum Corp.*, 541 F.2d 1335, 1340 n. 10 (9th Cir. 1976) ("Infrequently, if ever will [Rule 23(b)(1)(A) be satisfied] when the action is for money damages.")*. Plaintiffs cannot rely on Rule 23(b)(1)(A) to obtain certification of any damages class. Accordingly, to the extent that Plaintiffs' seek certification of a class pursuant to Rule 23(b)(1)(A), that request is denied.

Plaintiffs also ask the Court to certify a class under Rule 23(b)(1)(B) as well, but their arguments are conclusory and they fail to cite any relevant authority from the Court of Appeals for the Seventh Circuit. *Messner*, 669 F.3d at 811 ("Plaintiffs bear the burden of showing that a proposed class satisfies the Rule 23 requirements . . . ."). Thus, Plaintiffs have failed to meet their burden of showing that the proposed class meets the requirements of Rule 23(b)(1)(B). Accordingly, the Court declines to consider this provision.

b. **Rule 23(b)(3)**

Plaintiffs also contend that this suit may be properly maintained as a class action

under Rule 23(b)(3).[3]   Rule 23(b)(3) requires the court to find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."   **FED. R. CIV. P. 23(b)(3)**.

### i.  Predominance

Under the predominance requirement of Rule 23(b)(3), common questions of law or fact must predominate, but they need not be exclusive.   *See Flood v. Dominguez*, **270 F.R.D. 413, 419 (N.D. Ind. 2010) (citing *Scholes v. Moore*, 150 F.R.D. 133, 138 (N.D. Ill. 1993)**.   "In determining whether common questions predominate, courts look to whether there is a 'common nucleus of operative facts.'"   *Id.* **(citing *Ziemack v. Central Corp.*, 163 F.R.D. 530, 535-36 (N.D. Ill. 1995); *see also Messner v. Northshore University Healthsystem*, 669 F.3d 802, 815 (7th Cir. 2012)**.

Defendants argue that there are too many individual issues involved here due to the variations in the alleged conditions.   For example, Defendants point out that each class of inmates assigned to Dixon Springs is only there for four to six months.   Thus, some inmates will not be exposed to cold weather.   Defendants further assert that incidents of problems with food will not be the same for inmates who were not at the

---

[3] The Article III issues with certifying a 23(b)(2) class do not implicate Plaintiff's claims for monetary relief.   The "basic purpose" of damages under 42 U.S.C. § 1983 is "to compensate persons for injuries that are caused by the deprivation of constitutional rights."   *Carey v. Piphus*, **435 U.S. 247, 254, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978)**. Thus, Plaintiffs may press claims for damages for the alleged constitutional violations irrespective of whether any of them were detained at Dixon Springs IIP at the time the Complaint was filed.   *See O'Quinn v. Fries*, **No. 13-cv-14, 2014 WL 309178, at *FN 2 (N.D. Ind. Jan. 27, 2014) ("because . . . [plaintiff] has alternatively pled that the class can be maintained under Rule 23(b)(1) and (3), his lack of standing to pursue a claim for injunctive relief does not destroy his class action claim.")**.

prison at the same time. Therefore, Defendants assert that some of these conditions may not amount to a violation of the Eight Amendment, while others may. Plaintiffs respond that the cold conditions are felt by all inmates at Dixon Springs IIP, whether due to exercising outside in adverse elements with little to no bodily protection and lack of bedding to insulate from the cold and wet nights, to cracked and broken windows, no heating and cold showers.

Plaintiffs' claims focus on a uniform policy or practice by Defendants. Many of the conditions of confinement- bathroom facilities and usage, spoiled and infested food, exposure to adverse elements, lack of bedding, cracked and broken windows, no heating and cold showers- are common conditions suffered by all class members as a result of the alleged uniform policies or practices by Defendants. These conditions will be assessed as a whole to determine whether the conditions are in fact unconstitutional. *See Rhodes v. Chapman*, **452 U.S. 337, 362-63, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981) ("[A] challenge to conditions of confinement must examine the totality of the circumstances")**. Further, Courts routinely certify classes under Rule 23(b)(3) for plaintiffs seeking money damages for unconstitutional conditions of confinement in jails and prisons. ***See Flood*, 270 F.R.D. at 422; *see also Parish v. Sheriff of Cook County*, No. 07-4369, 2008 WL 4812875 (N.D. Ill. Oct. 24, 2008); *see also Vodak v. City of Chicago*, No. 03-C-2463, 2006 WL 1037151 (N.D. Ill. Apr. 17, 2006); *see also Dunn v. City of Chicago*, 231 F.R.D. 367 (N.D. Ill. 2005); *see also Rahim v. Sheaham*, No. 99-C-0395, 2001 WL 1263493 (N.D. Ill. Oct. 19, 2001)**. Courts especially find that common issues

predominate when the plaintiffs are challenging conditions of confinement that are the result of policies or practices uniformly applied to the entire class. *See Flood*, **270 F.R.D. at 420;** *see also Streeter v. Sheriff of Cook County*, **256 F.R.D. 609, 614 (N.D. Ill. 2009)** ("when a proposed class challenges a uniform policy, the validity of that policy tends to be the predominant issue in the litigation.")**;** *see also Nicholson v. UTi Wordlwide, Inc.*, **No. 09-cv-722, 2011 WL 1775726, at \*7 (S.D. Ill. May 10, 2011);** *see also Blihovde v. St. Croix County, Wis.*, **219 F.R.D. 607, 620 (W.D. Wis. 2003)** ("[T]he case law suggests that when the class is challenging a uniform policy, the validity of that policy predominates over individual issues and class certification is appropriate.")**;** *see also Young v. County of Cook*, **No. 06-C-552, 2007 WL 1238920, at \*7 (N.D. Ill. Apr. 25, 2007)**. The fact that some inmates were subject to even harsher conditions does not prevent class certification. Further, the fact that some inmates were at Dixon Springs IIP for a shorter amount of time does not prevent class certification. *Vodak*, **2006 WL 1037151, at \*11** ("**The varying lengths of duration do not create individual issues sufficient to prevent classwide determination of Plaintiff's' § 1983 claim related to their conditions of confinement.**"). As stated above, the individual differences cited by Defendants speak to damages, not liability. The Court finds that common questions predominate.

## ii. Superiority

Under the superiority requirement of Rule 23(b)(2), a class action must be superior to other available methods for the fair and efficient adjudication of the

controversy. Defendants point out that the question of damages will be individualized as to each plaintiff, representing the possibility of hundreds of separate hearings.

"Class certification is usually considered a superior method of adjudicating claims involving standardized conduct, even if there are individual issues that exist among class members (for example, on questions such as damages), so long as those individual issues can be managed through bifurcated hearings." *Cicilline v. Jewel Food Stores, Inc.*, **542 F. Supp. 2d 831, 838 (N.D. Ill. 2008)**. Differences in damages do not prevent certification under Rule 23(b)(3). *See Arrreola*, **546 F.3d at 800-01 ("Although the extent of each class member's personal damages might vary, district judges devise solutions to address that problem if there are substantial common issues that outweigh the single variable of damages amount.")**.

Because common issues predominate and the named Plaintiffs are typical and adequate class representatives, as discussed above, the instant case meets this requirement. Despite these individualized damage inquiries that may be required if the class prevails, this case will be manageable as a class action.[4] Requiring each class member to bring a separate action would be a waste of time and money. *See Markham v. White*, **171 F.R.D. 217, 224 (N.D. Ill. 1997).** The Court finds that the superiority requirement of Rule 23(b)(3) is met.

---

[4] Defendants argue that Plaintiffs have not offered any methodology by which these damages will be determined (Doc. 45, p. 3). It is not the Plaintiffs' burden to develop or offer, as Defendants contend, a "methodology by which these damages will be determined." *See Messner v. Northshore University Health System*, **669 F.3d 802, 819 (7th Cir. 2012) (it is not a requirement of 23(b)(3) that common results and common proof of damages exist)**. The Court will cross that bridge when it gets to it.

### D. Appointment of Class Counsel

The Plaintiffs' Motion for class certification does not adequately address the factors the Court must consider for appointment of class counsel, and counsel has not submitted a separate motion seeking appointment as class counsel. Accordingly, the Court only grants class certification at this juncture **on the condition that counsel is appointed**. Pursuant to Federal Rule of Civil Procedure 23(g), "[u]nless a statute provides otherwise, a court that certifies a class must appoint class counsel." *Id.* "[U]nder the plain language of the rule, a district court's decision to certify a class must precede the appointment of class counsel." *Sheinberg v. Sorensen*, **606 F.3d 130, 132 (3d Cir. 2010)**. The Court finds that the most efficient course of proceeding is to condition class certification on the appointment of class counsel.

Accordingly, Plaintiffs are granted leave to file an appropriate motion for appointment of class counsel. Because the Court has already found that the Plaintiffs satisfy the requirements of numerosity, commonality, typicality, and adequacy (Rule 23(a) (1)-(4)), that questions of law and fact common to the class members predominate over any questions affecting only individual members, and that class action is superior to other available methods for adjudicating the controversy (Rule 23(b)(3)), those issues need not be further addressed. Additional materials are required before the Court can appoint counsel under Rule 23(g). No class will be officially certified until after such time as qualified class counsel applies to represent the class and is appointed. Any

motion or application must address the factors listed in subdivision 23(g)(1)(A) and be accompanied by proposed terms for attorney's fees and nontaxable costs.

## Conclusion

For the reasons set forth above, the Court **GRANTS in part and DENIES in part** Plaintiffs' Motion for Class Certification (Doc. 40). The Motion for Class Certification is **DENIED** to the extent that it seeks certification pursuant to Rule 23(b)(1) and 23(b)(2). The Motion for Class Certification is **GRANTED** to the extent that it seeks certification pursuant to Rule 23(b)(3). **This granting of certification, however, is CONDITIONED on the appointment of class counsel.** If qualified class counsel applies to represent the proposed class and is appointed, then the Court will certify the following class under Rule 23(b)(3): **all convicted offenders in the state of Illinois who, from May 25, 2010 through the present, were incarcerated as inmates at the Dixon Springs Impact Incarceration Program**. No class, however, will be officially certified until this requirement is met.[5]

Accordingly, Plaintiff is **GRANTED LEAVE** to file an appropriate motion for appointment of class counsel pursuant to Rule 23(g). Such motion is due on or before Monday, April 21, 2014. Defendant's response, if any, is due seven (7) days after the motion is filed with the Court.

IT IS SO ORDERED.

---

[5] The Court's ruling is not intended to communicate any view regarding whether Plaintiffs' counsel will satisfy the requirements to be appointed as class counsel, as the Court does not have sufficient information to make such a determination at this time.

DATED:   March 31, 2014


s/ Michael J. Reagan_____
MICHAEL J. REAGAN
United States District Judge