IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL WILLIAMS, BRIAN THOMAS, SEDRICK PHILLIPS, and MIKAL DAVIS, <br><br> Plaintiffs, <br><br> vs. <br><br> SALVADOR GODINEZ, TY J. BATES, RANDY DAVIS, NORMAN SUITS, OFFICER BARNHART, and UNKNOWN AND UNNAMED OFFICERS, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) Case No. 12-cv-0808-MJR-SCW ) ) ) ) ) ) ) ) ) |

## MEMORANDUM & ORDER

**REAGAN, District Judge:**

Plaintiffs Michael Williams, Brian Thomas, Sedrick Phillips, and Mikal Davis have sued Defendant prison officials for alleged violating their Eighth Amendment rights by subjecting them to unconstitutional conditions of confinement (Doc. 1). On July 25, 2013, Plaintiffs moved to certify a class pursuant to Federal Rule of Civil Procedure 23 (Doc. 40). The undersigned District Judge ruled on the Plaintiffs' Motion to Certify Class on March 31, 2014, granting the Motion to the extent that it sought certification under Rule 23(b)(3), and denying it as to Rules 23(b)(1) and 23(b)(2) (Doc. 52). The ruling, which would grant certification as to all inmates incarcerated at the Dixon Springs Impact Incarceration Program ("IIP") between May 25, 2010, and the present, was conditioned on the appointment of qualified class counsel. Plaintiffs were

granted leave to file a motion under Rule 23(g) for the appointment of class counsel, which Plaintiffs did on April 16, 2014 (Doc. 54). Responses and replies were timely filed and the Motion is properly before the Court.

## Rule 23(g): Appointment of Class Counsel

In their Motion, Plaintiffs argue for the appointment of Mr. Edward Fox of Ed Fox & Associates. The Court notes that, in their reply to Plaintiffs' Motion for Appointment of Class Counsel, Defendants did not object to Mr. Fox's qualifications (Doc. 54). Defendants' decision not to object to Mr. Fox's appointment as class counsel does not relieve the Court of its requirement to evaluate the proposed counsel. "Unless a state provides otherwise, a court that certifies a class must appoint class counsel." **Rule 23(g)(1).** In doing so, the Court must consider, *inter alia*, the work the proposed counsel has done to date with regard to the identification and investigation of potential claims, proposed counsel's experience in class actions generally and actions involving the instant case's claims specifically, knowledge of applicable law, and resources which the proposed counsel can commit to representing the class. *Id.*

Plaintiffs' Motion for Appointment of Class Counsel discusses Mr. Fox's each of the above considerations, detailing Mr. Fox's work with the named Plaintiffs over the past four years, research conducted by Mr. Fox and his firm, and his experience in class action cases, complex litigation, and cases involving claims similar to the instant case. Plaintiffs continue by pointing to the work already conducted by Mr. Fox, in addition to their plans for the future. The Court believes that Mr. Fox is capable of fairly and adequately representing the interests of the class. **Rule 23(g)(4).**

Rule 23(g) does allow for the consideration of attorneys' fees and costs. However, unlike questions of proposed class counsel's experience and relevant knowledge, which the Court must consider, the Court need not address the award of attorneys' fees or non-taxable costs under Rule 23(h) at this time.  **Rule 23(g)(1)(D).** Such an award must be made by motion under Rule 54(d)(2).  **Rule 23(h)(1).** Similarly the Court will not rule at this time on the applicability of the PLRA to the award of attorneys' fees.  Stated simply, it is premature to consider attorneys' fees, costs, and expenses at this juncture in the litigation.

Based upon Plaintiffs' statements and coupled with the Defendants' abovementioned lack of objection to Mr. Fox, the Court **GRANTS** Plaintiffs' Motion and appoints Mr. Edward Fox as class counsel, and accordingly **CERTIFIES** the class of **all convicted offenders in the State of Illinois who, from May 25, 2010 through the present, were incarcerated as inmates at the Dixon Springs Impact Incarceration Center**.

IT IS SO ORDERED.

DATED:   July 8, 2014

*s/ Michael J. Reagan*
**MICHAEL J. REAGAN**
United States District Judge