IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL WILLIAMS, BRIAN
THOMAS, SEDRICK PHILLIPS, and
MIKAL DAVIS, individually and on
behalf of other similarly situated former
inmates at Dixon Springs,

      Plaintiff,

vs.

SALVADOR GODINEZ, TY J. BATES,
RANDY DAVIS, NORMAN SUITS, and
BARNHART,

      Defendants.

Case No. 12-cv-808-SCW

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

On August 18, 2016 the Court held a status conference to discuss pre-trial matters. The following memorializes the Court's findings and rulings at that hearing.

**A. Class Definition**

The class was originally defined under Federal Rule of Civil Procedure 23(b)(3) as: all convicted offenders in the State of Illinois who, from May 25, 2010 through the present, were incarcerated as inmates at the Dixon Springs Impact Incarceration Program. After a review of the class representatives, the parties agreed that the class should be limited to those inmates incarcerated between May 25, 2010 through March 2013 as no class representative was incarcerated at Dixon Spring prior to May 25, 2010 or after March 2013. Thus, there is not an adequate representative party for any claims

falling outside of that limited period. **Fed.R.Civ.P. 23(a)(4).** The Court may amend its class certification at any time before final judgment, **see Federal Rule of Civil Procedure 23(c)(1)(C)**, and the Court finds it necessary to amend the class due to the lack of class representatives for any claims outside of the time period of May 25, 2010 to March 2013, given that none of the named Plaintiffs were housed at Dixon Springs before or after those dates. Accordingly, the class is **AMENDED** and is defined as follows: **all convicted offenders in the State of Illinois who, from May 25, 2010 through March 2013, were incarcerated as inmates at the Dixon Springs Impact Incarceration Program.**

The Court acknowledges the fact that the class may need to be further defined based on the evidence presented at trial and the verdict of the jury. Any additional changes to the class, if necessary, will be decided after the jury has reached a verdict on the issue of liability.

### B. Issue of Damages

The parties discussed how to handle the issue of damages at trial. The defense indicates that it will likely be filing a motion to de-certify the class after resolution of the liability issue due to insufficient commonality as to damages. The Court will proceed with a jury trial on the issue of liability and then will bifurcate the damages phase of the trial. The four named Plaintiffs, should any of them survive the liability phase of the trial, will proceed directly to a jury trial on the issue of damages. This will provide the parties with sample damage findings to aid in future negotiations regarding settlement

of the remaining class members.

## C. Additional Conditions Raised by Plaintiffs

The Court previously took up the issue of whether Plaintiffs could present various other conditions that they experienced at Dixon Springs based on a determination of whether those additional conditions fell within the scope of the three conditions alleged by Plaintiffs in their complaint. The Court notes that any additional conditions which Plaintiffs intend to present testimony on at trial must fall within the scope of one of those three conditions as alleged in Plaintiffs' complaint: bathrooms (specifically the limited amount of toilets and the limited amount of time provided to inmates to use the toilets), exposure to cold conditions inside and outside, and the condition of food. The Court will analyze any additional conditions Plaintiffs seek to raise at trial under this framework, should the Defendants object to any testimony or evidence regarding a condition not already discussed.

Defendants raise two new conditions which Plaintiffs have brought to their attention as evidence that will be presented at trial. Those conditions include feces on the bathroom floor and rain dripping into the buildings. Plaintiffs argue that the feces on the floor goes to the bathroom conditions as Plaintiffs were not given enough time to complete their bathroom breaks on the toilets, leading to feces on the bathroom floors. The Court finds that this evidence is directly related to the issue of whether or not there were enough toilets and whether Plaintiffs were provided adequate time in the bathroom. To the extent that Plaintiffs seek to present evidence showing that rain came

into the building during the months that it was cold, thus exposing Plaintiffs to cold rain with inadequate clothing, then such evidence is directly related to the claims that Plaintiffs were subject to the cold. However, any testimony regarding rain dripping into the buildings during the summer months when it is not cold, would not be related to Plaintiffs' claims and thus would not be allowed.

### D. Settlement Negotiations

A settlement conference is set in this case on September 2, 2016 at 9:00 a.m. Plaintiffs shall make a formal demand by August 23, 2016. Settlement statements are due August 30, 2016. Should the case not settle, the Court will take up any remaining pretrial issues including the admissibility of IDOC regulations and the use of exemplar clothing and bedding.

The parties are also reminded that jury instructions are due to the Court seven days prior to trial. Trial briefs, if any, are also due seven days prior to trial and are limited to 12 pages.

**IT IS SO ORDERED**.
DATED:   August 23, 2016.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge