IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL WILLIAMS, et al., ) | |
| Plaintiffs, ) | |
| v. ) | Case Number: 12 CV 00808 SCW |
| ) | |
| SALVADOR GODINEZ, et al., ) | |
| Defendants. ) | |

**JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AGREEMENT AND NOTICE TO THE SETTLEMENT CLASS**

Plaintiffs, Michael Williams, Brian Thomas, Sedrick Phillips and Mikal Davis, individually and on behalf of themselves and others similarly situated (the "Plaintiffs"), and Defendants, Salvador Godinez, Ty J. Bates, Randy Davis, Norman Suits and James Barnard (the "Defendants"), jointly move this Court for Preliminary Approval of the Proposed Settlement Agreement, Notice to the Settlement Class and Conditional Settlement Class Certification on their claims that Defendants violated their Eighth Amendment rights relating to conditions at the Dixon Springs Impact Incarceration Program ("DSIIP" or "Bootcamp") relating to cold, food and bathroom access.

## I. INTRODUCTION

Plaintiffs and Defendants have reached a settlement in this case regarding Plaintiffs' complaints regarding their conditions of confinement at Bootcamp. The terms of the settlement are contained in the Settlement Agreement ("Agreement") attached as Exhibit A ("Ex. A").[1] Plaintiffs and Defendants now wish to begin the settlement approval process outlined in the Manual for Complex Litigation (Fourth) §§21.632-21.635 (2004). They seek entry of an order:

---

[1] Unless otherwise noted, capitalized terms used in this motion have the definitions provided in the Agreement. Ex. A.

- Granting preliminary approval of the Agreement;

- Certifying a Class for settlement purposes only and appointing Plaintiffs as the Class Representatives and appointing Ed Fox & Associates as Class Counsel;

- Approving the parties' proposed form and method of giving Class Members notice of the action and proposed Agreement;

- Directing that notice be given to Class Members in the proposed form and manner; and

- Setting a hearing on whether the Court should grant final approval of the Agreement, enter judgment, award attorneys' fees and expenses to Plaintiffs' counsel, and approve incentive awards to the Plaintiffs.

The Agreement provides substantial benefits to the Class. As consideration for the Agreement, Defendants agree to pay $125.00 to each Class Member who submits a valid claim. Defendants will administer the Agreement's claims process. The proposed Agreement addresses Plaintiffs' litigation objectives and falls well within the range of reasonable settlement outcomes. The Agreement was negotiated by lawyers experienced in complex litigation. For these reasons, the Agreement enjoys a presumption of fairness and should be preliminarily approved by the Court and notice should be provided to Class Members.

## II. SUMMARY OF THE LITIGATION AND SETTLEMENT

### A. The Litigation

The named plaintiffs were inmates in Dixon's Bootcamp from November 2011 through approximately March 2012. They allege that their conditions of confinement violated the Eighth Amendment because they were forced to participate in physical training ("PT") on days of extreme cold, that their dormitory heat did not work, and that their clothing and bedding was inadequate. They also allege that the food they were provided to eat had bugs and rodent droppings in it and was spoiled. Finally, they allege that they were not allowed to use the bathroom when needed, that the Bootcamp bathroom facilities were inadequate and unsanitary,

2

and that inmates had insufficient time to use the facilities. Plaintiffs allege that these conditions persisted throughout the class period. Defendants deny all of Plaintiffs' allegations.

### B. Summary of Key Terms of the Proposed Settlement

#### 1. Relief Available to Class Members

The total potential value of the settlement to the class is approximately $100,000. Each Class Member who submits a valid, timely Claim Form will receive one hundred and twenty-five dollars ($125.00). To obtain that sum, pursuant to the Agreement, Class Members must complete a simple Claim Form (to be substantially in the form attached to the Agreement (Ex. A), as Exhibit D (the "Claim Form" or "Ex. D") by the Claims Submission Deadline.

#### 2. Class Notice and Settlement Administration

##### A. Notice

Within sixty (60) days after the entry of the Preliminary Approval Order, Defendants shall provide individual notice via mail, substantially in the form attached to the Agreement as Exhibit C (the "Notice" or "Ex. C"), to each Class Member identified by the Illinois Department of Corrections' database, who was incarcerated between November 1, 2011 and March 1, 2012.

##### B. Administration

Defendants will administer and distribute benefits pursuant to the Agreement within the later of sixty (60) days after the Claims Submission Deadline or the Effective Date.

##### C. Costs of Notice and Administration

Defendants shall bear all costs and expenses in connection with providing notice to the Class and administering the terms of the Agreement.

### 3. Opt-Out and Exclusionary Provisions

Any Class Member who wishes to object to the fairness of the Agreement must, by the Opt-Out/Objection Deadline, file any such objection with the Court, and provide copies of the objection to Class Counsel and Defendants' Counsel. Any Class Member who does not file a timely written objection to the Agreement shall be foreclosed from seeking any adjudication or review of the Agreement by appeal or otherwise.

Any Class Member who wishes to be excluded as a Class Member may submit a written exclusion request to the Settlement Administrator, postmarked no later than the Opt-Out/Objection Deadline, with copies of the request for exclusion to Class Counsel and Defendants' Counsel.

### 4. Release Provisions

Upon the Effective Date, Plaintiffs and each Class Member who does not timely exclude himself/herself from the Class, including any other person acting on his/her behalf or for his/her benefit, shall be deemed to have released, waived, and discharged the Defendants Released Parties from the Released Claims as defined in the Agreement, and expressly waived and relinquished the Released Claims, including any Unknown Claims.

### 5. Incentive Award And Attorneys' Fees and Expenses

#### A. Incentive Award

Plaintiffs shall each seek a Class Representative incentive award of Six Thousand Dollars ($6,000.00).

### B. Attorneys' Fees and Expenses

Class Counsel seeks an award of attorneys' fees and expenses in the amount of One Hundred Seventeen Thousand Dollars ($117,000.00). A copy of Plaintiffs' Attorneys' Fee Request will be submitted independently.

### 6. No Admission of Liability

By entering into the Settlement Agreement, Defendants do not admit liability. To the contrary, Defendants deny all allegations made by Plaintiffs and further deny the putative class is entitled to relief.

## III. PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS APPROPRIATE

### A. The Settlement of a Class Action Is Favored And Should Be Preliminarily Approved If It Falls Within The Range of Reasonableness

The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigor of prolonged litigation. *See Isby v. Bayh,* 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."); *Airline Stewards, Etc. v. American Airlines,* 573 F.2d 960, 963 (7th Cir. 1978) ("settlements are entered into because of "the very uncertainties of outcome in litigation, as well as the avoidance of wasteful litigation and expense...'"); *see also Newberg on Class Actions* §11.41 (Fourth) (2002) ("The compromise of complex litigation is encouraged by the courts and favored by public policy.").

Where, as here, the parties propose to resolve class action litigation through a class-wide settlement, they must obtain the Court's approval. See Fed. R. Civ. Proc.23 (e). The typical process for approval of class action settlements is described in the *Manual*, §§ 21.632-634. The steps are:

> 1. Preliminary approval of the proposed settlement at an informal hearing;

> 2. Dissemination of mailed and/or published notice of the settlement and fairness hearing to all affected Class members; and
> 3. A "formal fairness hearing," or final approval hearing, at which Class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented.

The procedure, commonly employed by federal courts, serves the dual function of safeguarding class members' procedural due process rights and enabling the Court to fulfill its role as the guardian of the Class members' interests. See Newberg, § 11.25 (quoting *Manual for Complex Litigation* (Second) (1985)).

At the preliminary approval stage, the court's task is merely to "determine whether the proposed settlement is within the range of possible approval." *McCue v. MB Fin., Inc.*, 2015 WL 1020348, at *1 (N.D. Ill. Mar. 6, 2015), citing *Armstrong v. Bd. of Sch. Dirs. of Milwaukee*, 616 F.2d 305, 314 (7th Cir.1980 and *Manual for Complex Litigation* (rev'd ed.) § 1.46, at 57). At preliminary approval, the court's role is not "resolving the merits of the controversy or making a precise determination of the parties' respective legal rights." *E.E.O.C. v. Hiram Walker & Sons*, 768 F.2d 884, 889 (7th Cir.1985) (collecting cases).

"Although such settlements must be approved by the district court, its inquiry is limited to the consideration of whether the proposed settlement is lawful, fair, reasonable, and adequate." *Isby*, 75 F.3d at 1196. "By definition, a fair settlement need not satisfy every concern of the plaintiff Class, but may fall anywhere within a broad range of upper and lower limits. '(T)he essence of settlement is compromise ... a solution somewhere between the two extremes.'" *Alliance to End Repression v. City of Chicago*, 561 F. Supp. 537, 548 (N.D. Ill. 1982). To be sure, the Seventh Circuit has described "the district judge as a fiduciary of the class, who is subject therefore to the high duty of care that the law requires of fiduciaries."

*Pearson v. NBTY, Inc.*, 772 F.3d 778, 780 (7th Cir. 2014), citing *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277. 280 (7th Cir. 2002).

"Preliminary approval, which is what Plaintiff[s] seek[ ] here, is the first step in the settlement process. It simply allows notice to issue to the class and for class members to object to or opt out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input." *McCue*, 2015 WL 1020348, at *1 (N.D. Ill. Mar. 6, 2015).

By this motion, Plaintiffs and Defendants ask that the Court take the first step in the settlement approval process and grant preliminary approval of the settlement. Plaintiffs and Defendants further request that the Court provisionally certify the proposed Class. Provisional class certification is appropriate at the preliminary-approval stage where, as here, Plaintiffs have created a substantial record supporting the propriety of certification of the settlement class. *See Newberg* at § 11.22. The practical purpose of provisional class certification is to facilitate dissemination of Notice to the Class of the terms of the proposed settlement and the date and time of the final-approval hearing. *See id.* at § 11.27.

"At the preliminary approval stage, the extent of the district court's inquiry into the appropriateness of class certification and the reasonableness of the settlement terms depends, as it must, on the circumstances of the individual case. Where the size of the class is small, the cost of notice minimal, and the issues discrete, the court may be able to determine that class certification is proper and the settlement is 'within the range of possible approval' with minimal fuss." *In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Injury Litig.*, 314 F.R.D. 580, 589 (N.D. Ill. 2016). What the Plaintiffs and Defendants request here undeniably falls within the Court's range of possible approval.

## B. The Proposed Settlement Negotiated By The Parties Enjoys A Presumption Of Fairness

At the outset, the settlement should be accorded a presumption of fairness. A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *McCue*, 2015 WL 1020348, at *1 (N.D. Ill. Mar. 6, 2015); *see also Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, No. 07 Civ. 2898, 2012 WL 651727, at *10 (N.D. Ill. Feb. 28, 2012).

Here, the Agreement is presumed fair and falls within the range of possible approval. The settlement was reached exclusively through arm's-length bargaining. The parties extensively discussed the merits of the claims and defenses and the relief available to the Class. After reaching a complete settlement agreement in principle, the parties turned their attention to documenting the Settlement and exchanged numerous draft settlement agreements, forms of notice of settlement, and claim forms.

In negotiating the Agreement, Plaintiffs had the benefit of attorneys who are highly experienced in complex and class litigation and familiar with the legal and factual issues of the case (Exhibit B). In Plaintiffs' counsel's view, the Settlement provides substantial benefits to the Class, especially when considering, among other things, the attendant expense, risks, difficulties, delays and uncertainties of litigation, trial and post-trial proceedings. On preliminary evaluation, the settlement here is presumptively fair and worthy of preliminary approval.

## C. The Settlement Benefit Falls Within The Range Of Possible Recovery

When determining whether a settlement is fair, reasonable, and adequate, the Court should consider "the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessment of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of

competent counsel, and the stage of the proceedings and the amount of discovery completed at the time of settlement." *Isby*, 75 F. 3d at 1199. The preliminary approval determination is not an ultimate determination of whether the settlement is fair, reasonable and adequate, however. Rather, the Court must determine "whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." *Gautreaux v. Pierce*, 690, F.2d 616, 621 n.3 (7th Cir. 1982). This necessarily involves a preliminary determination of the settlement's fairness, reasonableness and adequacy. *See Manual* at §21.632. If the Court finds the settlement "within the range of possible approval," it should then order that the Class be notified of the settlement and of a formal fairness hearing to be held on the question of settlement approval. *See id.* at § 40.42 (model preliminary approval order).

Here, the settlement provides the Class with substantial relief, without the delay and expenses of trial and post-trial proceedings. If the parties did not agree to settle this case, a trial would be lengthy and expensive. The Class would face the risk of multiple arguments by Defendants both on the merits of Plaintiffs' claims, as well as any factual dissimilarities of claims asserted by Plaintiff and putative Class Members, which, if successful, would mandate decertification of the existing class and individual lawsuits by Class Members hoping to collect minimal amounts of damages accrued. In light of these risks, the proposed settlement is a fair, reasonable and adequate compromise of the issues in dispute that provides meaningful relief to the Class. Indeed, the very fact that the parties agreed, after many arms'-length negotiations, to a Settlement Class that was narrower than the class previously certified, prior to fact discovery, demonstrates that the parties, through their counsel experienced in class action litigation, carefully weighed the facts and the relevant caselaw in coming to an agreement in this case.

## IV. THE PROPOSED SETTLEMENT CLASS SHOULD BE CERTIFIED FOR SETTLEMENT PURPOSES

On March 31, 2014, prior to any discovery taking place, Judge Reagan granted in part and denied in part Plaintiffs' Motion for Class Certification. The Court certified, for liability purposes, the following class under Rule 23(b)(3):

> All convicted offenders in the State of Illinois who, from May 25, 2010 through the present, were incarcerated as inmates at the Dixon Springs Impact Incarceration Program.

The Court denied certification pursuant to Rule 23(b)(1) and 23(b)(2). *See* Dkt [52]. This Court recently limited the class, in terms of duration, from May 25, 2010 through March 31, 2013. *See* Dkt [114]. The Settlement Class consists of

> All convicted offenders in the State of Illinois who were incarcerated as inmates at the Dixon Springs Impact Incarceration Program between November 1, 2011 and March 1, 2012.

### A. The Proposed Settlement Class Meets The Requirements Of Rule 23(a) And 23(b)(3)

Before granting preliminary approval of a settlement, the Court should determine that the proposed Class is a proper class for settlement purposes. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997); *Manual*, § 21.632. The threshold task is to determine whether the proposed Class satisfies Rule 23's requirements, applicable to all class actions. The requirements are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *See Hernandez v. Gatto Indus. Plters.*, 2009 WL 1173327, at *1 (N.D. Ill. April 28, 2009). Additionally, the action must be maintainable under Fed. R. Civ. P. 23(b)(1), (2), or (3). In certifying a Settlement Class, however, the Court is not required to determine whether the action, if tried, would present intractable management problems, "for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620; see also Fed. R. Civ. P. 23 (b)(3)(D). "Provisional certification of the Rule 23 Class for settlement purposes and appointment of class counsel have

several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all Class Members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing." *McCue*, 2015 WL 1020348, at *2 (N.D. Ill. Mar. 6, 2015). Here, the proposed Class meets all of the requirements of Rule 23(a) and satisfies the requirements of Rule 23(b)(3).

"In order to prove numerosity, Plaintiff[s] must establish that the class is so large that 'joinder of all members is impractical.'" *Herkert v. MRC Receivable Corp.*, 254 F.R.D. 344, 348 (N.D. Ill. 2008). The proposed Settlement Class is comprised of over 400 persons and the numerosity requirement is clearly satisfied. *See Chandler v. Sw. Jeep–Eagle, Inc.*, 162 F.R.D. 302, 307 (N.D.Ill.1995) (noting that "joinder is usually deemed impracticable where the class members number 40 or more").

The proposed Class also meets the commonality requirement of Rule 23(a). The requirement is met "if there are questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is met because Plaintiffs allege that they, and Class members, were subject to the same or similar conditions, during the same time period, at the Bootcamp. *See, e.g., Jaime S. v. Milwaukee Public Schools*, 668 F.3d 481, 497 (7th Cir. 2012) (all class members' claims must "share some question of law or fact that can be answered *all at once* and that the *single answer* to that question will resolve a central issue in all class members' claims").

Plaintiffs also meet the typicality and adequacy requirements. Like all other Class members, Plaintiffs allege they were subject to the conditions at the Bootcamp during the Settlement Class time period. *See, e.g., Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596–97 (7th Cir. 1993) ("A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her

claims are based on the same legal theory."). Plaintiffs allege they adequately represent the Class since they have no individual interests or claims that are antagonistic to the Class, and Plaintiffs and their counsel have zealously represented the Class. *See, e.g., Herkert v. MRC Receivables Corp.*, 254 F.R.D. 344, 351 (N.D. Ill 2008) (Class representatives adequate if they hold "an understanding of basic facts underlying the claims" and demonstrate a "willingness and ability to participate in discovery"). In addition, the proposed class has counsel that is "experienced, competent, qualified and able to conduct the litigation vigorously." *Cavin v. Home Loan Ctr., 236 F.R.D. 387, 393 (N.D.Ill.2006)*.

Finally, the proposed Class meets the requirements of Rule 23(b)(3). To be certified under Rule 23(b)(3), Plaintiff must show that "questions of law or fact common to the members of the class predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Parish v. Sheriff of Cook County*, 2008 WL 4812875, at *2 (N.D. Ill. Oct. 24, 2008) (quoting F.R.C.P. 23(b)(3)). Plaintiffs allege there are questions of law and fact common to the Class that predominate over any individual questions, specifically whether the conditions of confinement at the Bootcamp violated the Eighth Amendment. These common issues predominate over any individual issues.

A class action is also superior to other methods available for the fair and efficient adjudication of this controversy. It will also be the most efficient way to resolve Plaintiffs' claims, especially considering that Plaintiffs reside throughout the United States and would have a difficult and costly task in seeking relatively small damages solely on an individual basis. *In re AT & T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 345 (N.D. Ill. 2010) (citing *Amchem Prods.*, 521 U.S. at 617, 117 S. Ct. at 2246 (noting that the Advisory Committee

"sought to cover cases in which a class action would achieve economies of time, effort, and expense, and promote ... uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results" (internal quotation omitted)). Members of the Class are not likely to and may not have an interest or means to prosecute an individual case against Defendants. Additionally, concerns of efficiency and economy tip the scales in favor of settling the issues in one suit before this Court.

## V. THE COURT SHOULD APPROVE THE PROPOSED FORM AND METHOD OF CLASS NOTICE

### A. Notice By Direct Mail Is The Best Notice Practicable

"Rule 23(e)(1)(B) requires the court to 'direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise' regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." *See Manual for Complex Litigation* at §§ 21.632, 21.633. In order to protect the rights of absent Class Members, the Court must provide the best notice practicable to Class Members. *See Phillips v. Petroleum Co. v. Shutts*, 472 U.S. 797, 811-812 (1985).

Notice by mail is the best notice practicable when the names and addresses of the Class members are known. *See Manual for Complex Litigation* at §30.2111. Neither Rule 23 nor due process requires receipt of actual notice by all Class Members, rather, notice should be mailed to the last known addresses of those who can be identified. *Newberg* at § 8.04; *see also Mangone v. First USA Bank*, 206 F.R.D. 222, 231-232 (S.D. Ill. 2001).

The identities of the individual Class Members are known by IDOC. Therefore, the parties propose Direct Mail Notice. A proposed Notice and Claim Form are attached to the Agreement, (Ex. A), as Exhibits C and D, and should be approved by the Court.

### B. The Proposed Form Of Notice Adequately Informs Class Members Of Their Rights In This Litigation

In an action proceeding under Rule 23(b)(3), the notice must inform each Class Member that "the court will exclude anyone from the class if he so requests [by a specified date]; the judgment will include all members who do not request exclusion and any member not requesting exclusion may, if he desires, enter an appearance through counsel." Fed. R. Civ. P. 23(c)(2).

Here, the proposed Notice clearly and accurately discloses the information material to a Class Member's decision whether to accept, object to, or opt out of the settlement. (Ex. C). The proposed Notice provides information on, *inter alia*, the proposed Class; the terms and provisions of the Agreement; the relief the settlement will provide; the date, time and place of the final approval hearing; and the procedures and deadlines for opting out of the settlement or submitting comments or objections. The Court should approve the proposed form of Notice and direct that notice be given to the Class as proposed by the parties.

## VI. CONCLUSION

For the foregoing reason, the Court should grant preliminary approval of the proposed Agreement and enter the accompanying Order of Preliminary Approval.

Dated: October 25, 2016                Respectfully submitted,

ON BEHALF OF PLAINTIFFS MICHAEL WILLIAMS, BRIAN THOMAS, SEDRICK PHILLIPS, AND MIKAL DAVIS, AND THE CLASS:


s/ *Edward Fox*

By:   Ed Fox & Associates
      300 W. Adams, Suite 330
      Chicago, IL 60606



ON BEHALF OF DEFENDANTS SALVADOR GODINEZ, TY J. BATES, RANDY DAVID, NORMAN SUITS, AND JAMES BARNARD:


s/ *Gary S. Caplan*

By:   Gary S. Caplan, Assistant Chief Deputy
      Office of the Illinois Attorney General
      100 W. Randolph Street, Floor 12
      Chicago, IL 60601

# CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2016, I electronically filed the foregoing **Joint Motion for Preliminary Approval of Class Action Settlement Agreement and Notice to the Settlement Class, with attached Exhibits A through E,** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Edward M Fox | efox@efox-law.com |
| Jarrod P. Beasley | jpbeasley@kuehnlawfirm.com |
| Julie O. Herrera | jherrera@julieherreralaw.com |

and I hereby certify that on the same date, I mailed by United States Postal Service, the document to the following non-registered participant: None.

Respectfully submitted,

s/ Christopher J. Kim

Christopher J. Kim, #6303706
Assistant Attorney General
Special Litigation Bureau
100 West Randolph St., 11th Floor
Chicago, Illinois 60601
Phone: (312) 793-2403
Fax: (312) 814-4452
E-mail: ckim@atg.state.il.us